UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| ERIC C. SUTHERLAND, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 22-256-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| USA, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Petitioner Eric C. Sutherland is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without counsel, Sutherland has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] Sutherland has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis*. However, he has filed a "motion for leave to file a new BP-199," in which he states that, although he submitted a BP-199 form with the prison requesting that the $5.00 filing fee be paid to the Clerk of the Court, the BP-199 was subsequently voided by prison staff. [R. 4] In support, Sutherland submits a copy of his inmate account statement showing that $5.00 was deducted from his account for "Court Fees" on September 21, 2022, then credited back that same day. [R. 5] In light of this confusion, Sutherland requests that the Court permit him to "file a new BP-199 with the Court or just start over with a new § 2241 packet and a new BP-199." [R. 4] However, to avoid delay of this matter, the Court will direct the Bureau of Prisons ("BOP") to deduct the $5.00 filing fee from funds in Sutherland's inmate account to satisfy his financial obligation to pay the filing fee and deny Sutherland's motion as moot.

-1-

The Court is now required to conduct an initial screening of Sutherland's § 2241 petition by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In August 2019, pursuant to a plea agreement with the United States, Sutherland pled guilty in the United States District Court for the Western District of Kentucky to one count of attempting to persuade, induce, and entice an individual, who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal offense in violation of 18 U.S.C. § 2422(b). In November 2019, Sutherland was sentenced to a term of imprisonment of 120 months. *United States v. Sutherland*, No. 3:18-cr-136-DJB-1 (W.D. Ky.).

In July 2021, Sutherland filed a motion to alter, amend, or vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, in which he argued that he was "actually innocent" of the offense for which he was convicted because the 17-year old victim had reached the age of consent in Kentucky, thus there was no underlying "criminal offense" for purposes of his § 2422(b) conviction. *Id*. at R. 97, 102. He also claimed that his counsel was ineffective and that the prosecutor engaged in misconduct for repeatedly advising him that neither the age of consent, nor the fact that a state grand jury returned a "no true bill" on all state counts against him, mattered for purposes of his § 2422(b) charges. *Id*. Sutherland also claimed that the sentencing court failed to fully explain the elements of § 2422(b). *Id*.

The District Court denied Sutherland's § 2255 motion, finding that the motion was untimely and Sutherland was not entitled to equitable tolling based on a credible claim of actual innocence based on new reliable evidence. *Id*. at R. 103, 107. Sutherland filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit denied his motion for a certificate of appealability, finding that Sutherland "failed to produce new, reliable evidence of actual innocence, and jurist of reason would not disagree that his § 2255 motion is not entitled to an equitable exception to the limitations period." *Sutherland v. United States*, No. 22-5168 (6th Cir. Aug 9, 2022 Order). Sutherland has since filed multiple motions seeking relief from his conviction in the sentencing court, to no avail. *See United States v. Sutherland*, No. 3:18-cr-136-DJB-1 (W.D. Ky.) at R. 111-113, 116, 131, 132, 133.

Sutherland now seeks relief from his conviction in this Court via a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on grounds similar to those presented in his unsuccessful § 2255 motion. In his § 2241 petition, Sutherland argues that an element of a violation of 18 U.S.C. § 2422(b) is that one must be "charged with a criminal offense." [R. 1 at p. 5] Thus, he claims that his federal indictment was defective because it fails to specify an underlying criminal offense with which he had been charged. [*Id*.] He also argues that because a Jefferson County (Kentucky) Circuit Court grand jury returned a "no true bill" on September 27, 2018 (just after the federal indictment was issued on September 6, 2018), he could not be "charged with a criminal offense" for purposes of his federal indictment. [*Id*.] Sutherland argues that he may pursue his claims in this § 2241 petition because a "defect in AEDPA is barring his first § 2255 on 'actual innocence'" because Sutherland "cannot show 'new' evidence of a violation of substantive federal criminal statute.'" [R. 1 at p. 1, 3]

However, upon initial review of Sutherland's § 2241 petition, the Court concludes that it must be dismissed.  As an initial matter, Sutherland waived the right to bring a collateral attack on his conviction as part of his plea agreement.  *United States v. Sutherland*, No. 3:18-cr-136-DJB-1 (W.D. Ky.) at R. 49 (Plea Agreement), ¶ 12.  In addition to waiving his right to directly appeal and/or collaterally attack his conviction and sentence under 28 U.S.C. § 2255, Sutherland "specifically waive[d] on appeal or in a collateral attack any argument that (1) the statute to which [Sutherland] is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes."  *Id*. at R. 49 (Plea Agreement), ¶ 12.  Such waivers are enforceable and apply to proceedings under § 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, 139 S. Ct. 1291 (2019).  Sutherland is bound by his agreement, and is therefore barred from challenging his conviction – particularly from challenging whether his conduct fell within the scope of 18 U.S.C. § 2422(b) – in this proceeding.  *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Even aside from this waiver, the Court must dismiss Sutherland's § 2241 petition for lack of subject-matter jurisdiction because Sutherland cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence.  *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).  While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *id*. at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255.  *Id*.  "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things

occurring within the prison." *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).  In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495.  Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him.  *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief.  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute.  *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).  Moreover, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief."  *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir.

2019).  Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to meet these requirements mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction.  *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Sutherland does not meet these requirements.  First, Sutherland has not identified a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required.  Rather, the cases upon which he relies were issued by the Sixth Circuit and the Western District of Kentucky, and all but one pre-date his 2019 conviction.  *See* R. 1-1 at p. 1-2, citing *United States v. Miller*, 696 F. App'x 696, 700 (6th Cir. 2017); *United States v. Hackworth*, 483 F. App'x 972, 973 (6th Cir. 2012); *United States v. Hart*, 635 F.3d 850 (6th Cir. 2011); *United States v. Stone*, 543 F. Supp. 3d 535, 543 (W.D. Ky. 2021).[1]  In *Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020), the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings."  *Id*. at 333 (emphasis added).

Moreover, Sutherland's legal and factual grounds for challenging his conviction were previously available to him and he has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion."  *Wright*, 939 F.3d at 706.  That his § 2255 motion was denied as untimely does not render a motion under

---

[1] The citation provided by Sutherland, *United v. Stone*, 2021 U.S. Dist. Lexis 108046 (6th Cir. 2021), incorrectly identifies this decision as one issued by the Sixth Circuit.

§ 2255 "inadequate or ineffective" to test his conviction. *Copeland*, 36 F. App'x at 795. Because Sutherland cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he may not challenge his conviction in a § 2241 petition via the savings clause of § 2255(e). *Id*. at 706. Accordingly, Sutherland's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 499 ("A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully.").

For all of these reasons, the Court hereby **ORDERS** as follows:

1.    Sutherland's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

2.    The Clerk of the Court shall send a copy of this Order to the warden of the institution in which Sutherland is currently confined;

3.    Sutherland's custodian shall **DEDUCT** the $5.00 filing fee from funds in Sutherland's inmate trust fund account and send that amount to the Clerk of the Court;

4.    Sutherland's "motion for leave to file a new BP-199" [R. 4] is **DENIED** as moot;

5.    This action is **STRICKEN** from the Court's docket; and

6.    A corresponding judgment will be entered this date.

This 17th day of October, 2022.



Signed By:

*__William O. Bertelsman__* WOB

**United States District Judge**